Glen Walter SCOTT, Appellant,

v.

Cynthia Lynn (Scott) CLANTON,
Respondent,

and

Darcy Suzanne Scott, Respondent.

No. 25140.

Missouri Court of Appeals,
Southern District,
Division One.

June 23, 2003.

John A. Lewright, of Cassville, for Appellant.

Janet Garrett, of Aurora, for Respondent.

BARNEY, J.

Respondent, Darcy Suzanne Scott ("Child"), filed an amended third-party motion for contempt against Appellant, Glen Walter Scott ("Father"), alleging Father's failure to pay court-ordered child support while Child attended college. In his answer, Father set out that Child had failed to properly plead that she had complied with the requirement of supplying Father with certain "papers" showing proof of college attendance as required by section 452.340.5, RSMo 2000.[1] Accord-

---

1. This sub-section provides, in pertinent part that:

If the child is enrolled in an institution of vocational or higher education not later than October first following graduation from a secondary school ... and so long as the child enrolls for and completes at least twelve hours of credit each semester, ... the parental support obligation shall continue until the child completes his or her edu-

ingly, Father maintained he owed Child no support due to her failure to comply with the foregoing statutory reporting requirements.

In its judgment, the circuit court determined that while Child had not timely sent Father the documentation required by statute, Father had nevertheless, "waived or [was] estopped" from asserting the lack of documentation defense by tardily asserting this defense. As more fully explained herein, the circuit court found Father in civil contempt for his failure to make child support payments as ordered in its prior judgment modifying the original dissolution of marriage decree, and ordered Father's commitment to the county jail.

To simplify discussion of the matters involved in this appeal, the following timeline provides relevant dates as outlined by the record and the parties' testimony:

August 18, 1978—Child was born to Father and Cynthia Lynn Clanton ("Mother").

September 17, 1981—Father and Mother's marriage was dissolved by the Circuit Court of Barry County. Mother was awarded principal care and custody of Child, and Father was ordered to pay $150 per month for child support.

May 1996—Child graduated high school.

August 18, 1996—Child turned 18 years of age and, having graduated from high school, commenced college as a full-time student at LaBette Community College, where, as Child testified, she remained for two years. She then transferred to Pittsburg State University.

March 19, 1997—Mother moved to modify the decree of dissolution of marriage, and requested additional child support to cover expenses related to Child's college education and support.

February 13, 1998—The Circuit Court of Barry County modified the original dissolution of marriage judgment and ordered child support payments to be made directly to Child. On May 28, 1998, the court further modified the judgment and ordered Father, *inter alia,* to pay $650 per month child support, retroactive to December 10, 1997.

Father continued to pay $150 per month in child support.

September 2, 1998—Father moved to modify the child support obligation, citing a change in income.

October 7, 1998—Mother moved for an order of contempt for Father's failure to pay the full amount of child support and attorney fees, as ordered by the modification judgment entered February 13, 1998.

October 22, 1998—In his answer to Mother's motion for contempt, Father admitted that he was ordered to pay

cation, or until the child reaches the age of twenty-two, whichever first occurs. To remain eligible for such continued parental support, at the beginning of each semester the child shall submit to each parent a transcript *or similar official document* provided by the institution of vocational or higher education which includes the courses the child is enrolled in and has completed for each term, the grades and credits received for each such course, and . . . the courses which the child is enrolled in for the upcoming term and the number of credits for each such course . . . .

§ 452.340.5. We observe that section 452.340.5 was enacted in 1997. "Section 452.340.5 was revised effective August 1998 to permit a child to send parents notice in the form of an official document other than a transcript, but required that the notice be sent at the beginning of the next semester." *Morton v. Myers,* 21 S.W.3d 99, 107 (Mo.App. 2000).

Unless otherwise set out, all statutory references are to RSMo 2000.

$650 in child support and had not done so, but denied that he willfully failed and refused to do so or that he had the ability to pay the child support.

March 18, 2000—Child provided Father with a transcript of grades.

August 12, 2000—Child provided Father with a transcript of grades from the Summer 2000 semester.

August 18, 2000—Child turned 22 years of age.

July 2001—Child graduated from college.

January 16, 2002—Court allowed Child to enter case as a third-party movant.

January 18, 2002—Child, acting as a third-party movant, filed an amended motion for contempt alleging *inter alia* Father's continuing failure to pay child support. Child requested $17,139 for unpaid child support.

January 25, 2002—In his answer to Child's amended motion for contempt, Father claimed that he had fully paid all support due Child and/or Mother. Father also asserted that Child had failed to "properly" plead her motion for contempt, in that Child failed to set out she had given Father notice of her college attendance in compliance with the statutory requirements forth in section 452.340.5.

February 5, 2002—The Circuit Court of Lawrence County heard the motion for contempt.[2] At that time, the Circuit Court also dismissed, at his request, Father's September 2, 1998 motion to modify his child support obligation.

March 30, 2002—The parties submitted briefs relating to their respective positions at trial.

In its judgment of May 9, 2002, the Circuit Court of Lawrence County found that Child had not provided Father with the documentation required by section 452.340.5 "until March or August 2000." It further found there "was no evidence that the Father furnished any monetary support [for Child] except for the $150.00 monthly support paid by [Father]." However, the circuit court also found that Father, as the party seeking the abatement of his child support obligation, had the burden of proof on that issue and must have properly pled the elements of that defense. The circuit court noted that Father had not raised his defense based on Child's failure to provide documentation of college attendance until November 21, 2000, when he filed a stipulation of facts and arguments. The circuit court further determined that Father's "action or inaction under the present facts do not entitle him to abatement" because of his failure to timely assert that Child had not provided the documentation required under section 452.340.5 and that Father had "waived or [was] estopped from now asserting this defense."

As previously set out, the circuit court found Father in civil contempt and ordered him to pay to Child the sum of $17,139, together with interest, and ordered Father's commitment to the county jail, but stayed Father's commitment to allow him opportunity to purge himself of the contempt. When the contempt was not purged by July 30, 2002, the circuit court subsequently issued a Warrant and Commitment Order. Father appealed raising two points of circuit court error.

In Point One, Father alleges circuit court error "when it found that [Child] had made a prima facie case for contempt,

2. This action originally was filed in the Circuit Court of Barry County, Missouri, but, by consent of the parties, all issues were heard in the Circuit Court of Lawrence County, Missouri, on February 5, 2002.

without first alleging in her motion for contempt that she had complied with all sections of 452.340.5." In his second point, Father premises circuit court error on its finding that he "was estopped from asserting [Child's] failure to comply with section 452.340.5."

In civil non-jury cases, we shall affirm the trial court's decision unless that decision is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976); *Mandel v. Eagleton,* 90 S.W.3d 527, 530 (Mo.App.2002). Under that standard, we will affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy,* 536 S.W.2d at 32; *see also Rogers v. Rogers,* 87 S.W.3d 368, 371 (Mo.App. 2002).

In our review of Father's first point, we first observe that "[t]he function of pleadings is to present, define, and isolate the issues in controversy in order to advise the trial court and the parties of the issues to be tried and to expedite the trial of a cause on its merits." *Bank of America, N.A. v. Stevens,* 83 S.W.3d 47, 56 (Mo.App.2002); *see also Memco, Inc., v. Chronister,* 27 S.W.3d 871, 875–76 (Mo. App.2000). A pleading is sufficient so long as it "invokes principles of substantive law which entitle the [pleader] to relief and informs the defendant of what the [pleader] will attempt to establish at trial."

*Bryant v. Price,* 893 S.W.2d 856, 858 (Mo. App.1995); *see* § 509.050.1; Rule 55.05.[3]

Here, Child filed a third-party "amended motion for contempt," seeking *inter alia* to compel Father's obedience to a court order directing Father to pay $650 per month in child support. "A prima facie case for civil contempt is established when the party alleging contempt proves: (1) the contemnor's obligation to pay a specific amount or perform an action as required by the decree; and (2) the contemnor's failure to meet the obligation." *In re Marriage of Earls,* 77 S.W.3d 741, 743 (Mo.App.2002); *Lyons v. Sloop,* 40 S.W.3d 1, 10–11 (Mo.App.2001); *see State ex rel. Heiserman v. Heiserman,* 941 S.W.2d 768, 770–71 (Mo.App.1997). In her third-party amended motion for contempt, Child set forth Father's obligation to pay a specific amount, i.e., that on May 28, 1998, the Circuit Court of Barry County ordered Father to pay $650 per month in child support, retroactive to December 10, 1997. Child also pled that Father failed to comply with this court-ordered obligation. These pleadings, when proved, were sufficient to establish a prima facie case for civil contempt. *See Earls,* 77 S.W.3d at 743; *Lyons,* 40 S.W.3d at 10–11.

While Father correctly set out that Child must meet certain statutory criteria to remain eligible for continued support, he points to no authority that shows Child, as the party seeking relief, must first have asserted that she had complied with the reporting requirements set forth in section 452.340.5.[4] Case law teaches that Father,

---

**3.** Rule 55.05 states, in pertinent part, that:

A pleading that sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim shall contain (1) a short and plain statement of the facts showing that the pleader is entitled to relief and (2) a demand for judgment for

the relief to which the pleader claims to be entitled.

Rule references are to Missouri Court Rules (2002).

**4.** In support of his position, Appellant cites to the sentinel case of *In re Marriage of Kohring,* 999 S.W.2d 228 (Mo. banc 1999), for the proposition that the reporting requirements of

as the party seeking to abate his child support obligation, bears the burden of raising this defense. "A party seeking abatement of his or her child support obligation based on § 452.340 provisions bears the burden of proof on that claim." *Harris v. Parman,* 54 S.W.3d 679, 684 (Mo. App.2001).

 Furthermore, by placing the burden of pleading this defense upon Father, we remain consistent with the well-established principle that a party, when pleading an action, is not required to anticipate and negate the defenses raised by a defendant:

> [T]he general rule, both under the common-law practice and under modern procedural statutes and rules of practice, is that: 'The plaintiff is not bound in his declaration or complaint to anticipate defenses which the defendant may have to the cause of action asserted against him, and so draw his pleading as to negative their existence or avoid them. The plaintiff may not, and is not bound to, know what justification will be presented by the defendant, and a salutary rule of pleading requires that such matters be left to the answer.
>
> The plaintiff is required to state only such facts as will constitute, prima facie, a cause of action.'

*Personal Finance Co. v. Schwartz,* 170 S.W.2d 701, 703–04 (Mo.App.1943) (quoting 41 AM. JUR., *Pleading,* § 87); *see also Housing Authority v. Lovejoy,* 731 S.W.2d 510, 512 (Mo.App.1987). Indeed, Father's claim that Child failed to comply with section 452.340.5 is more appropriate as an affirmative defense to the pleading, which must have been raised by Father. *See*

Rules 55.01 and 55.08. Appellant's Point One is denied.

In his second point on appeal, Father premises circuit court error in finding him in contempt of court and incarcerating him for failure to pay child support, and by determining that Father "was estopped from asserting [Child's] failure to comply with section 452.340.5." Father argues that he timely raised the defense of Child's failure to comply with the reporting requirements of section 452.340.5, when he first answered her third-party amended motion for contempt.

 As previously set out, the circuit court correctly found that Father, as the party seeking abatement of his child support obligation, bore the burden of proof and was required to plead the defense that Child failed to comply with the notice requirements of section 452.340.5. *See Harris,* 54 S.W.3d at 684. The circuit court also found that Father raised this defense only in his answer to Child's third-party amended motion for contempt. It determined Father therefore "waived or is estopped from asserting this defense," because he failed to raise it in his original answer to Mother's 1998 motion for contempt, or in other early pleadings.

Here, Father, of course, was not the moving party, but rather was responding to Child's third-party amended motion for contempt. While a separate motion for contempt had previously been filed by Mother, she does not appear to have played any immediate part as a party in the proceedings under review relating to Child's third-party amended motion for contempt.

section 452.340.5 constitute conditions precedent to a child remaining eligible for continued child support past the age of 18. It is Father's contention that Child must have pled and presented proof of specific compliance

with section 452.340.5. While the case does discuss the eligibility requirements for continued child support under the statute, the court in *Kohring* did not discuss any pleading requirements.

■ The record shows that Child, acting as a third-party movant, filed an amended pleading seeking relief premised upon Father being in contempt of a court order directing him to pay child support and attorney fees. "The general rule is that the filing of an amended pleading operates as an 'abandonment' of the original petition." *Beckmann v. Miceli Homes, Inc.,* 45 S.W.3d 533, 543 (Mo.App.2001). Once an amended pleading is filed, any prior pleadings not referred to or incorporated into the new pleading are considered abandoned and receive no further consideration in the case for any purpose. *Id; see also State ex rel. Crowden v. Dandurand,* 970 S.W.2d 340, 342 (Mo. banc 1998); *Trimble v. Pracna,* 51 S.W.3d 481, 490 (Mo.App.2001). "'An abandoned petition becomes a mere "scrap of paper" insofar as the case is concerned.'" *Trimble,* 51 S.W.3d at 490 (quoting *Shelby v. Slepekis,* 687 S.W.2d 231, 236 (Mo.App.1985)); *see also Evans v. Eno,* 903 S.W.2d 258, 260 (Mo.App.1995).

Child's pleadings did not specifically refer to or incorporate Mother's prior pleadings. Save for the inclusion of Mother's name, the pleading otherwise appears to stand alone as a third-party claim by Child for relief against Father. The record shows that upon the filing of Child's new, amended pleading on January 18, 2002, Father promptly filed a new, amended answer that raised the defense of non-compliance with section 452.340.5.

Rule 55.33(a) provides for responses to amended pleadings. That provision allows a party to "plead in response to an amended pleading within the time remaining for response to the original pleading or within ten days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders." Rule 55.33(a).

The record shows that Child filed her third-party amended motion for contempt on January 18, 2002. In response to that pleading, Father filed his answer on January 25, 2002. At that time he asserted he had no obligation for further support; that Child failed to properly plead her motion for contempt; and that Child failed to comply with the notice requirements set forth in section 452.340.5. Because Father's response was filed within the ten day deadline imposed by Rule 55.33, he timely asserted the defense of Child's failure to comply with the documentation requirements set forth in section 452.340.5, and he neither waived this defense nor was he estopped from raising it at the time he did.

■ We also observe that section 452.340.5 sets forth the requirements under which Child could remain eligible to receive continued child support after she reached the age of 18 and while enrolled as a student at an institution of higher education. Failure to comply with the reporting provisions renders an otherwise eligible student ineligible for child support during the corresponding academic term. *See Kohring,* 999 S.W.2d at 233–34 (to remain eligible after the first semester, daughter was required to comply with the specified reporting requirements); *Jansen v. Westrich,* 95 S.W.3d 214, 218 (Mo.App. 2003); *Lyons,* 40 S.W.3d at 7; *Morton,* 21 S.W.3d at 106.

■ Here, the record shows that the only documentation provided by Child to Father consisted of a transcript of grades on March 18, 2000, and a copy of her summer 2000 transcript on August 12, 2000. At trial, Child admitted that she never sent Father a schedule or other information regarding her classes or grades. These actions fail to comply with the requirements set forth in section 452.340.5. As a result, we must find that

Child's omissions rendered her ineligible to receive continued support during the corresponding semesters she claimed. *See Kohring*, 999 S.W.2d at 233–34; *Jansen*, 95 S.W.3d at 218; *Morton*, 21 S.W.3d at 106. That Child provided a transcript of her grades during the spring semester of 2000 is irrelevant, as the statute requires Child to provide each parent with a transcript or similar official document from the university showing: "(1) the courses enrolled in; (2) the courses completed for each semester; (3) the grades and credits received for each completed course; *and* a transcript [or similar official document] from the institution listing for the upcoming semester: (1) the courses enrolled in and (2) the number of credits for each course." *Morton*, 21 S.W.3d at 106–07; § 452.340.5.[5]

Given the circumstances of this case Father should not have been held in contempt for his purported failure to pay his court-ordered child support. In Father's answer to Child's amended third party motion for contempt, Father stated Child failed to provide transcripts and other documentation required under section 452.340.5 prior to each academic term. This evidence remained unrefuted. In fact, Child acknowledged she did not send any documentation other than the two transcripts. Point Two is well taken.

The judgment of the circuit court finding Father in civil contempt is reversed. The Order of Commitment and Warrant of Commitment relating to Father is vacated.

MONTGOMERY, P.J., concurs.

GARRISON, J., concurs.

---

5. We need not consider Father's claim that Child failed to successfully complete twelve credit hours during the spring semester of 2000 because Child failed to provide the requisite documents at the beginning of that semester.