In The ESTATE OF: Richard A. TUCKNESS, Sr., Disabled.

John Tuckness, Appellant,

v.

Rachael R. (Tuckness) Adams, Conservator of the Estate of Richard A. Tuckness, Sr., Disabled, Respondent.

Nos. SD 30710, SD 30810.

Missouri Court of Appeals, Southern District, Division Two.

Sept. 20, 2011.

Petition for Rehearing and Transfer Denied Oct. 12, 2011.

John Tuckness, Springfield, MO, Pro Se.

John D. Compton, Springfield, MO, for Respondent.

### WILLIAM W. FRANCIS, JR., Presiding Judge.

John Tuckness ("Tuckness"), a self-represented litigant, appeals multiple rulings of the trial court concerning conservator's fees, attorney's fees, admission of documentary evidence, denial of a trial by jury, denial of full discovery, and the discharge of the conservator's bond. Rachel R. (Tuckness) Adams ("Respondent") contends Tuckness' brief fails to comply with the briefing requirements of Rule 84.04(d) and should be dismissed.[1] We agree and dismiss this appeal.

Rule 84.04 sets forth various requirements for appellate briefs. Compliance with these requirements is mandatory to ensure appellate courts do not become advocates by speculating on facts and on arguments that have not been made. *Duncan v. Duncan,* 320 S.W.3d 725, 726 (Mo.App. E.D.2010). Self-represented litigants are held to the same standards as attorneys; thus, self-represented litigants must comply with Missouri Court Rules, including Rule 84.04. *Johnson v. Buffalo Lodging Associates,* 300 S.W.3d 580, 581 (Mo.App. E.D.2009). While this Court recognizes the challenges faced by self-represented litigants, we cannot give preferential treatment to non-lawyers. *Duncan,* 320 S.W.3d at 726. "It is not for lack of sympathy, but rather is necessitated by the requirement of judicial impartiality, judicial economy, and fairness to all parties." *Id.* (internal quotation and citation omitted).

Under Rule 84.04(d), each point relied on must identify the trial court ruling or action the appellant challenges, provide a concise statement of the legal reasons for appellant's claim of reversible error, and explain in a summary fashion why the legal reasons support the claim of reversible error. "The function of this rule is to give notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues presented for review." *Kuenz v. Walker,* 244 S.W.3d 191, 193 (Mo.App. E.D.2007) (internal quotation and citation omitted). A party's failure to comply with the requirements set forth in Rule 84.04(d) constitutes grounds for our dismissal of the appeal. *Washington v. Blackburn,* 286 S.W.3d 818, 821 (Mo.App. E.D.2009).

Here, each of Tuckness' seven points relied on are grossly deficient in that all fail to identify the trial court ruling being challenged, the concise reason Tuckness claims reversible error, and the legal reasons supporting the claim for such reversible error.[2] Many of Tuckness' points re-

---

1. All references are to Missouri Court Rules (2011).

2. By way of example, Point II recites:

lied on merely present abstract statements of law and nothing else.[3] None of Tuckness' points relied on intelligibly present any issue he is pursuing on appeal. Tuckness' points relied on substantially fail to comply with Rule 84.04(d) and, therefore, preserve nothing for review. *Id.*

We recognize that appellate courts prefer to dispose of a case on the merits rather than to dismiss an appeal for deficiencies in the brief; however, in this case Tuckness' brief is so deficient that it precludes appellate review.[4] *See Lueker v. Missouri Western State Univ.*, 241 S.W.3d 865, 867 (Mo.App. W.D.2008). If we attempt to review Tuckness' brief, we will be forced to ferret out the facts, reconstruct the points and issues, and decipher the arguments—acting as an advocate for Tuckness; this we cannot do. *See Washington*, 286 S.W.3d at 823. Accordingly, his appeal is dismissed.

BURRELL, C.J., and BATES, J., Concurs.

---

This Appeal also involves an error by the Trial Court Judge the Honorable Michael J. Cordonnier to continuously entertain the counsel for the conservator to continuously file to partition the property, in which was not allowed, in the will and testament as rights to survivorship, not as tenants in common, pursuant to RSMo 362.470.1, as well as, a general warranty deed, in which the *Petitioner/Appellant* was half owner of the property in question for over (7) years. RSMo 461.001, RSMo 461.300, RSMo 362.470.1. *Patterson v. Warten, Fisher, Lee & Brown, L.L.C.*, 260 S.W.3d 417, 419 (Mo.App.2008); *Thiel v. Miller*, 164 S.W.3d 76, 82 (Mo.App.2005); *Steward v. Goetz*, 945 S.W.2d 520, 531 (Mo.App.1997) (We have shown the quotation as it appears in Tuckness' brief without notations to grammatical, punctuation or other errors.)

3. By way of example, Point VI states: "An abuse of discretion occurs when the court's order is clearly against the logic of the circumstances and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *Rea v. Moore*, 74 S.W.3d 795, 799 (Mo.App. S.D.2002) (*quoting Brown v. Kirkham*, 23 · S.W.3d 880, 882–83 (Mo.App. W.D.2000)). (We have shown the quotation as it appears in Tuckness' brief without notations to grammatical, punctuation or other errors.)

4. We also note Tuckness' brief is generally incomprehensible and fails to comply with Rule 84.04 in other significant respects (e.g. his "Statement of Facts" is argumentative, incomplete and fails to provide even a basic understanding of the procedural facts and history of this case). Nevertheless, because dismissal of the appeal is warranted by Tuckness' failure to meet the requirements of Rule 84.04(d), we need not further discuss these additional deficiencies.