In re the ESTATE OF Ola H. BLOD-
GETT, Deceased, Henry W. Blod-
gett, Appellant,

v.

Norine MITCHELL and Bank of
America, N.A., Respondents.

No. SC 84699.

Supreme Court of Missouri,
En Banc.

Jan. 28, 2003.

Lawrence S. Denk, Robert J. Brummond, St. Louis, for Appellant.

Mark J. Bremer, Jeremy D. Shook, Jennifer L. Rogers, Helmut Starr, St. Louis, for Respondents.

RICHARD B. TEITELMAN, Judge.

Henry W. Blodgett (Appellant) appeals from a summary judgment in favor of Norine Mitchell on her cross-claims for distribution of Ola H. Blodgett's (Decedent) tangible personal property and for discovery of Decedent's assets. The issue is whether a provision in Decedent's trust directing the distribution of "all of [decedent's] tangible personal property" to Mitchell describes the property and devisees with reasonable specificity to qualify as a "written statement or list" within the meaning of section 474.333 RSMo (2000)[1].

<hr />

[1.] All statutory references are to RSMo 2000.

We hold that the trust provision describes the property and devisees with reasonable specificity and, therefore, complies with section 474.333. The judgment is affirmed.

## FACTS

In August 1995, Decedent executed her will. The second article of the will, entitled "Tangible Personal Property List," directs that all tangible personal property described on a list in Decedent's handwriting or signed by her was to be given to the persons designated in the list. All items of tangible personal property not disposed of by the list or other provisions of the will were to go to Appellant.

Decedent's will also references an indenture of trust executed in September 1993. In October 1997, Decedent executed the third amendment to the trust. Paragraph F of the third amendment directs that:

> All of [Decedent's] tangible personal property and other personal effects shall be distributed to [Decedent's] sister, Norine Mitchell, if living, otherwise to her daughter, Pamela Padgett, to be distributed in accordance with instructions given by Grantor to them during her lifetime.

Decedent died on March 31, 1999. The probate division admitted the will to probate. Mitchell requested that the estate's personal representative distribute to her all of Decedent's tangible personal property pursuant to the second article of the will and paragraph F of the trust. Mitchell maintained that paragraph F was a list under section 474.333.

Blodgett filed a petition for partial distribution of the tangible personal property to himself. Mitchell filed an answer and a cross-claim requesting that she be awarded all Decedent's tangible personal proper-

ty to be distributed according to Decedent's instructions and for the discovery of assets Appellant had taken from Decedent's estate. Appellant and Mitchell filed motions for summary judgment. The probate division found that paragraph F of the trust was a "list" under section 474.333 and that Mitchell was entitled to Decedent's tangible personal property. The court also granted summary judgment in favor of Mitchell on her claim for discovery of the Decedent's assets. The court ordered Appellant to account for all property he had removed from Decedent's residence and to surrender that property to the personal representative for distribution to Mitchell.

### STANDARD OF REVIEW

■■ When considering an appeal from a grant of summary judgment, "review is essentially de novo." *ITT Commercial Fin. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 74.04(c)(3). The record is reviewed in the light most favorable to the party against whom judgment was entered and the non-moving party is granted the benefit of all reasonable inferences from the record. *Id.* An order of summary judgment may be affirmed under any theory that is supported by the record. *Id.*

### DISCUSSION

■ Appellant's first point is that the probate court erred by holding that paragraph F of the Third Amendment to the Trust constitutes a "list" under section 474.333. He argues that paragraph F, directing that "all of [Decedent's] tangible personal property" is to be distributed to Mitchell, is a "generic distribution" that

fails to describe with reasonable certainty the items of personal property to be distributed.

In relevant part, section 474.333 provides that:

"A will may refer to a written statement or list to dispose of items of tangible personal property not otherwise specifically disposed of by the will, other than money, evidences of indebtedness, documents of title, securities and property used in trade or business. To be admissible under this section as evidence of the intended disposition, the writing must either be in the handwriting of the testator or be signed by the testator, must be dated and must describe the items and the devisees with reasonable certainty."

■■ Nothing in section 474.333 prohibits the use of a generic or comprehensive description of the items of tangible personal property. Instead, the statute requires the written statement or list to describe the items with "reasonable certainty." The term "all" is comprehensive and unrestricted. It clearly refers to each and every item of Decedent's tangible personal property. Where, as in this case, the decedent has bequeathed all of her personal property to the same individual, there is no need to specifically itemize each and every item of personal property in order to comply with section 474.333. There is no ambiguity in giving "all" tangible personal property to one individual.

■ Appellant also argues that Paragraph F fails to describe the devisee with reasonable certainty because the "ultimate recipients" are not named. It is of no consequence to Appellant's claim that Decedent instructed Mitchell to distribute the property according to her instructions. Whether Decedent's instructions can be enforceable against Mitchell by the ultimate beneficiaries is not an issue in this

case. Whatever the rights of the ultimate beneficiaries may be, the fact remains that Mitchell is clearly identified by both her name and relationship to the Decedent as the intended recipient of the property.

Because Mitchell is entitled to Decedent's personal property, summary judgment was also appropriate with respect to her claim for discovery of Decedent's assets held by Appellant.

■ Appellant's remaining point, that paragraph F applies only to "probate" property, is unfounded. Paragraph F refers to "all" of Decedent's tangible personal property. There is no authority for limiting paragraph F to Decedent's probate property instead of the totality of her tangible personal property. To do so would thwart Decedent's intent and would unnecessarily limit section 474.333 as a means for testators to dispose of tangible personal property.

## CONCLUSION

The probate division did not err in finding that paragraph F of Decedent's trust is a list under section 474.333 because it is dated, signed by Decedent, and describes the items of tangible personal property and the devisee with reasonable certainty. The judgment is affirmed.

All concur.