Daniel M. CODY, Appellant,

v.

**MISSOURI BOARD OF PROBATION
AND PAROLE, Respondent.**

No. WD 62431.

Missouri Court of Appeals,
Western District.

Aug. 5, 2003.

Daniel M. Cody, Jefferson City, pro se.

Jeremiah W. (Jay) Nixon, Attorney General, Stephen D. Hawke, Assistant Attorney General, Jefferson City, MO, for Respondent.

Before LOWENSTEIN, P.J., and SMART and EDWIN H. SMITH, JJ.

EDWIN H. SMITH, Judge.

Daniel M. Cody appeals, *pro se*, from the circuit court's summary judgment for the respondent, the Missouri Board of Probation and Parole, on the appellant's declaratory judgment action. The appellant sought a declaration of the circuit court that the respondent could not apply § 558.019.2(3),[1] governing minimum prison terms on the basis of previous commitments for felony offenses, to the sentences he was then serving on two convictions for robbery in the second degree, § 569.030, in Case No. 00CR–0600, requiring him to serve a minimum of 80% of those sentences before being eligible for parole.

The appellant raises two points on appeal. In Point I, he claims that the trial court erred in granting summary judgment to the respondent because on the facts alleged in its motion, it was not entitled to judgment, as a matter of law, on the appellant's declaratory judgment action, seeking a declaration that the respondent could not apply § 558.019.2(3) to the sentences he was then serving in Case No. 00CR–0600 so as to require him to serve 80% of those sentences before he was eligible for parole. In Point II, he claims that "[t]he circuit court erred in granting the

respondent motion for summary judgment, in that appellant raised genuine issues of material fact, that the legislative purpose of sentencing alternative of 'suspended imposition of sentence' is to allow defendant to avoid stigma of lifetime conviction and punitive collateral consequences, relating to the imposition of 558.019; despite existence of statutory exceptions in specific limited instances."

We reverse and remand.

## Facts

On September 15, 2000, the appellant pled guilty to two counts of robbery in the second degree in Case No. 00CR–0600. He was sentenced to two concurrent ten-year terms of imprisonment, pursuant to which he was committed to the custody of the Department of Corrections (DOC) on September 28, 2000.

On October 26, 2000, the appellant filed a handwritten complaint with the DOC, claiming that his face sheet improperly considered one of his prior incarcerations to be a "previous commitment" for the purposes of § 558.019.2(3), which governs the minimum prison time which an inmate with "three or more previous prison commitments" must serve before becoming eligible for parole. Specifically, he claimed that the DOC improperly included, as a previous commitment, his March 9, 1995, incarceration pursuant to a conviction for second-degree arson, in Case No. 93CR–0328, because he was committed to an institutional drug treatment program pursuant to a suspended imposition of sentence and the 120–day call-back provision authorized by § 559.115.2. He argued that this confinement to a drug treatment program should be considered to be a condition of probation rather than a commitment for the purposes of § 558.019.2(3).

---

1. All statutory references are to RSMo, 2000, unless otherwise indicated.

The DOC's response to him was that his 120–day incarceration in the drug treatment program did count as a previous commitment. In May of 2002, the appellant filed an "Informal Resolution Request" raising the same complaint and was again informed that the commitment in question qualified as a commitment for purposes of § 558.019.2(3). On August 26, 2002, the appellant filed a petition for declaratory judgment in the Circuit Court of Cole County seeking a declaration that the appellant's March 9, 1995, commitment was not a "previous prison commitment" for the purposes of § 558.019.2(3).

On November 27, 2002, the respondent filed a motion for summary judgment, claiming that it was entitled to judgment as a matter of law based upon the undisputed facts establishing the appellant had three qualifying commitments under § 558.019.2(3), which the motion identified as being on October 4, 1991, March 3, 1995 (the DOC records in the legal file actually specify this date as March 9), and September 28, 2000.

This appeal followed.

**Standard of Review**

Our review is essentially *de novo*. The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of sustaining the motion initially. The propriety of summary judgment is purely an issue of law. As the trial court's judgment is founded on the record submitted and the law, an appellate court need not defer to the trial court's order granting summary judgment.

*ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993) (internal citations omitted).

When considering appeals from summary judgments, the [c]ourt will review the record in the light most favorable to the party against whom judgment was entered. Facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion. We accord the non-movant the benefit of all reasonable inferences from the record.

*Id.* (internal citations omitted).

**I.**

■ In Point I, the appellant claims that the trial court erred in granting summary judgment to the respondent because on the facts alleged in its motion, it was not entitled to judgment, as a matter of law, on the appellant's declaratory judgment action, seeking a declaration that the respondent could not apply § 558.019.2(3) to the sentences he was then serving in Case No. 00CR–0600 so as to require him to serve 80% of those sentences before he was eligible for parole. Specifically, he claims that § 558.019.2(3) could not be applied by the respondent in that to invoke its provisions he had to have "three or more previous prison commitments to the department of corrections for felonies unrelated to the present offense" and that one of the three commitments relied upon by the respondent for that purpose was not a "prison commitment" for purposes of § 558.019.2(3).

Section 558.019 provides, in pertinent part:

2. The provisions of this section shall be applicable to all classes of felonies except those set forth in chapter 195, RSMo, and those otherwise excluded in subsection 1 of this section. For the purposes of this section, "prison commitment" means and is the receipt by the department of corrections of a defendant

after sentencing. For purposes of this section, prior prison commitments to the department of corrections shall not include commitment to a regimented discipline program established pursuant to section 217.378, RSMo. Other provisions of the law to the contrary notwithstanding, any defendant who has pleaded guilty to or has been found guilty of a felony other than a dangerous felony as defined in section 556.061, RSMo, and is committed to the department of corrections shall be required to serve the following minimum prison terms:

. . .

(3) If the defendant has three or more previous prison commitments to the department of corrections for felonies unrelated to the present offense, the minimum prison term which the defendant must serve shall be eighty percent of his sentence or until the defendant attains seventy years of age, and has served at least forty percent of the sentence imposed, whichever occurs first.

As noted in the facts, the appellant was notified by the respondent that pursuant to § 558.019.2(3), he would not be eligible for parole on the sentences he was then serving for robbery in Case No. 00CR–0600, until he had served 80% of those sentences. In invoking the mandate of that section, the respondent advised that it was relying on three commitments, which it identified as 10/04/91 in Case No. 911686, 03/09/95 in Case No. 93CR–0328, and 09/28/00 in Case No. 00CR–0600.

In response to the notification by the respondent concerning the appellant's eligibility for parole, the appellant filed his declaratory action below seeking to prohibit the respondent from applying § 558.019.2(3), alleging that the 1995 commitment in Case No. 93CR–0328 did not qualify as a "previous prison commitment" for purposes of § 558.019.2(3) in that the appellant's commitment to an institutional treatment program, which the trial court ordered pursuant to a suspended imposition of sentence and subject to the callback provisions of § 559.115.2, was committed to a regimented discipline program pursuant to § 217.378, which § 558.019.2 expressly excludes as a qualifying commitment for purposes of § 558.019.2(3).

To make a *prima facie* case for summary judgment on the appellant's declaratory judgment action, the respondent was required to show that on the undisputed facts alleged in its motion, it was entitled to judgment as a matter of law. *ITT Commercial Fin. Corp.*, 854 S.W.2d at 381. As a defending party, it could carry that burden by (1) showing undisputed facts that negate any one of the plaintiff's required proof elements; (2) showing that the plaintiff, after an adequate period of discovery, has not produced and will not be able to produce evidence sufficient to allow the trier of fact to find the existence of one or more of the plaintiff's proof elements; or (3) showing that there is no genuine dispute as to the existence of the facts necessary to prove the movant's properly pleaded affirmative defense. *Id.* The respondent availed itself of the first means, alleging undisputed facts which it contended negated the appellant's proof element that he did not have three qualifying commitments to the DOC for purposes of § 558.019.2(3). In that regard, the respondent alleged in its motion that the appellant had the following three commitments to the department of corrections, which qualified as "previous prison commitments," under § 558.019.2(3):

1. That on October 4, 1991, petitioner was received by the Missouri Department of Corrections for service on Cause No. 91–1686 (Petition, page 3, paragraph 7(1)).

2. That on September 28, 2000, petitioner was received by the Missouri Department of Corrections on Cause No. 00CR–0600 (Petition, page 3, paragraph 7(3)).
3. That on March 3, 1995, the St. Louis County Circuit Court sentenced petitioner to ten years imprisonment with the Missouri Department of Corrections (Petition, page 1, paragraph 3, lines 6–7).

The trial court found that on these facts the respondent was entitled to judgment as a matter of law, in other words, that a *prima facie* case was made. *ITT Commercial Fin. Corp.*, 854 S.W.2d at 381.

As noted, *supra*, to invoke the 80% mandate of § 558.019.2(3), the appellant had to have "three or more previous prison commitments to the department of corrections for felonies *unrelated to the present offense.*" (Emphasis added.) To satisfy this requirement, the respondent, in its motion, was relying on the appellant's commitment in Case No. 00CR–0600. However, that commitment was on the "present offense," actually offenses, and, thus, would not qualify to invoke § 558.019.2(3). Hence, it is clear that the respondent did not make a *prima facie* case for summary judgment, and, thus, the trial court erred in sustaining its motion. This, however, is not the basis for the appellant's claim in this point that the trial court erred in granting the respondent's motion for summary judgment.

As discussed, *supra*, the appellant claims that the trial court erred in granting the respondent summary judgment on the basis that the commitment of March 3, 1995, in Case No. 93CR–0328 did not qualify as a § 558.019.2(3) commitment in that it was a "commitment to a regimented discipline program established pursuant to section 217.378." In that regard, he argued in support of his declaratory judgment action that the imposition of sentence was suspended in Case No. 93CR–0328 and his receipt by the department of corrections on that offense on March 3, 1995, was for an institutional drug treatment program, which was a § 217.378 regimented discipline program and expressly excluded as a qualifying commitment under § 558.019.2(3). This, of course, is an untenable argument, as the appellant would not have been eligible for a regimented discipline program, in that such a program is not available to persons with a prior felony conviction, § 217.378.3(4), and the appellant was sentenced in 1995 as a class X offender. Thus, if the appellant is to receive the appellate relief he seeks, it would have to be for plain error, under Rule 84.13(c), for failure of the respondent to make a *prima facie* case on the basis that the commitment on September 28, 2000, in Case No. 00CR–0600 was for the present offenses such that the commitment was not a qualifying commitment for purposes of § 558.019.2(3).

 In determining whether to exercise its discretion to provide plain error review, the appellate court looks to determine whether there facially appears substantial grounds for believing that the trial court committed error that is evident, obvious, and clear, which resulted in manifest injustice or a miscarriage of justice. *Bedwell v. Bedwell*, 51 S.W.3d 39, 43 (Mo.App. 2001). If in applying this standard the appellate court chooses to exercise its discretion to conduct plain error review, the process involves two steps. First, the court must determine whether the trial court actually committed evident, obvious, and clear error that affected substantial rights. *State v. Hibler*, 21 S.W.3d 87, 96 (Mo.App.2000). However, as in the case of regular appellate review, not every obvious, evident, and clear error found in plain error review requires reversal. In the

case of regular review, to be reversible, the error found must have prejudiced the appellant. *Coats v. Hickman,* 11 S.W.3d 798, 807 (Mo.App.1999). Likewise, in the case of plain error review, the error must have prejudiced the appellant, except that such prejudice must constitute manifest injustice or a miscarriage of justice. *Slankard v. Thomas,* 912 S.W.2d 619, 628 (Mo. App.1995). Thus, in the second step of reviewing for plain error, the court must determine whether the evident, obvious, and clear error found resulted in manifest injustice or a miscarriage of justice.

■ Summary judgment borders on a denial of due process in that it denies the non-movant his day in court. *Phelps v. Bross,* 73 S.W.3d 651, 655 (Mo.App.2002). Hence, in affirming summary judgment we are cautious to insure that it was warranted under the safeguards provided in Rule 74.04. *Horner v. Spalitto,* 1 S.W.3d 519, 522 (Mo.App.1999). Thus, while we are to affirm summary judgment on any theory pled in the motion and supported by the summary judgment record, *In re Estate of Blodgett,* 95 S.W.3d 79, 81 (Mo. banc 2003), where it is unclear from the summary judgment record that a basis exists for the grant of summary judgment, we will reverse.

Here, it is clear that the appellant was denied his day in court when the facts alleged by the respondent in its motion did not warrant it. While there may be facts on which the respondent would have been entitled to summary judgment, those facts were not alleged in the respondent's motion so as to put the appellant on notice as to what facts he had to dispute in order to defeat the respondent's motion. If from the record we could determine with certainty that, despite the deficiency in the respondent's motion, the appellant somehow had conceded below that it was undisputed that he had three otherwise qualifying commitments, except for the issue he raises on appeal, then we would decline plain error review and relief. However, we cannot make such a determination from the summary judgment record here. We have no way of ascertaining what, if any, challenges the appellant may have raised if he had known that the respondent was relying on commitments other than those cited in its motion to invoke § 558.019.2(3). Thus, to comb the entire record to determine if other qualifying commitments may exist, without allowing the appellant an opportunity to dispute their application for purposes of § 558.019.2(3), would be to violate his right to due process as guaranteed by Rule 74.04, such that manifest injustice or a miscarriage of justice results.

Because the appellant was denied due process by the trial court's sustaining of the respondent's motion for summary judgment without having required it to make a proper *prima facie* case, we find the court plainly erred, requiring us to reverse.

### Conclusion

The circuit court's summary judgment for the respondent on the appellant's petition for declaratory judgment is reversed and the cause is remanded to the court for further proceedings in accordance with this opinion.

LOWENSTEIN, P.J., and SMART, J., concur.