Jay PURCELL, Appellant,

v.

**CAPE GIRARDEAU COUNTY
COMMISSION, Respondent.**

No. SC 90383.

Supreme Court of Missouri,
En Banc.

April 6, 2010.

John P. Clubb, Clubb Law Firm LLC,
Cape Girardeau, for Appellant.

Thomas Ludwig, Ludwig & Boner LC,
Jackson, for Respondent.

MARY R. RUSSELL, Judge.

At issue in this case is whether county commissioner Jay Purcell is entitled to a judgment declaring that he and his fellow commissioners violated the Sunshine Law during a closed meeting. This Court affirms the trial court's judgment in favor of the defendant Cape Girardeau County Commission, as the trial court correctly concluded that Purcell was not entitled to declaratory or injunctive relief.[1]

---

1. This Court took transfer of this case after its disposition by the court of appeals. Jurisdiction is vested in this Court pursuant to article V, section 10 of the Missouri Constitution.

## I. Background

Purcell was one of three commissioners on the Cape Girardeau County Commission who met in closed session on April 17, 2008. The commission's notice for the meeting indicated that it planned an "Executive Session." The session was described as follows:

> (The County Commission may, as part of a regular or special County Commission meeting, hold a closed session to discuss legislation or litigation, leasing, purchasing, sale of real estate, or personnel matters). Authority is Section 610.025.3 and 610.025.1, [RSMo], as amended.

During the commission's meeting, Purcell moved that the commission go into closed session to discuss the "county auditor issue" and the "McBryde easement issue." The commission's closed session discussions later were disclosed publicly when Purcell revealed that he had recorded the closed session using a recording device carried inside his jacket. The commission's closed session included discussions about whether it could fire, discharge, or discipline the county auditor, an elected official, as well as about the easement issue. Purcell led or participated in the discussions on these matters.

Despite his participation, Purcell later filed suit alleging that the auditor and easement closed session discussions violated the Sunshine Law.[2] His petition requested an order declaring that the commission's auditor and easements discussions at the April 17, 2008, closed session violated the Sunshine Law and requested an injunction ordering the commission to comply with the Sunshine Law in the future. Purcell argued that the commission's meeting notice failed to comply with the Sunshine Law. He also attested that the commission's closed session discussions lacked justification under section 610.021, RSMo Supp.2009,[3] the portion of the Sunshine Law detailing exceptions to the law's disclosure requirements for public governmental bodies.

The commission moved for dismissal of Purcell's suit, and the trial court treated the motion as a motion for summary judgment. Purcell also moved for summary judgment, and a hearing was held on the parties' motions. The trial court overruled Purcell's motion for summary judgment but entered summary judgment in favor of the commission. In refusing to grant Purcell's requests for declaratory and injunctive relief, the trial court found that the commission's notice for the April 17, 2008, closed session complied with the Sunshine Law, and that the commission had properly voted to go into closed session. The trial court concluded there had been no knowing or purposeful violation of the Sunshine Law.

Purcell appeals, arguing that the trial court erred in entering summary judgment in favor of the commission and in failing to declare a Sunshine Law violation.

## II. Standard of Review

An appeal from the grant of summary judgment is reviewed *de novo*. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *In re Estate of Blodgett*, 95 S.W.3d 79, 81 (Mo. banc 2003); Rule 74.04. Summary judgment can be entered in the de-

---

**2.** The Sunshine Law is found in chapter 610, RSMo 2000, and, where amended, RSMo Supp.2009.

**3.** The amendments made to the version of section 610.021 applicable in April 2008 do not apply in this matter.

fendant's favor where there are no genuine disputes as to the existence of each of the facts necessary to support one of the defendant's properly pleaded affirmative defenses. *See ITT*, 854 S.W.2d at 381.

Purcell and the commission do not contest the trial court's determination that there are no genuine issues of material fact in this case. Instead, the issue in this case is whether the trial court erred in determining that the commission was entitled to judgment as a matter of law.

### III. The Commission Was Entitled to Summary Judgment

■■■ The commission's affirmative defenses included that Purcell was not entitled to summary judgment because he acted with unclean hands in this case. A litigant with unclean hands generally is not entitled to equitable relief such as an injunction or declaratory judgment. *City of St. Joseph v. Lake Contrary Sewer Dist.*, 251 S.W.3d 362, 369 (Mo.App.2008). This rule reflects that the law strives to prevent opportunistic behavior. *See id.* "A party who participates in inequitable activity regarding the very issue for which it seeks relief will be barred by its own misconduct from receiving relief." *Id.* (internal quotation omitted).

■■■ The record in Purcell's case supports the commission's allegations that Purcell is not entitled to declaratory relief because he acted with "unclean hands" in this matter. The commission rarely met in closed session, having met in closed session only two or three times during Purcell's more than three years as a commissioner. But before the commission's April 17, 2008, meeting, Purcell made

plans to record closed session discussions at that meeting.

Purcell himself moved for the commission to enter into the April 17, 2008, closed session to discuss the "county auditor issue" and the "McBryde easement issue." Yet these are the precise topics that Purcell now claims were discussed in closed session in violation of the Sunshine Law.

Purcell recorded the closed session with a recording device he placed in his jacket, and at no point during the closed session discussions did he object to being in closed session. Purcell does not dispute the trial court's finding that he "fully and completely led or participated in all the actions that he now alleges were in violation of Chapter 610."

Considering Purcell's actions and statements at the commission's April 17, 2008, meeting, the doctrine of unclean hands was invoked appropriately by the commission in arguing that Purcell was not entitled to the declaratory and injunctive relief that he sought. Purcell instigated the closed session and led discussions that he now complains were unlawful. This is not to say that a member of a public governmental body cannot bring an action under the Sunshine Law. A county commissioner who protested the closing of a meeting at the time it was closed would be a very different kind of plaintiff than Purcell. A county commissioner who declined to participate in an unlawful closed session also would be a different kind of plaintiff than Purcell. But under the circumstances here, Purcell, as a matter of law, was not entitled to relief; the trial court did not err in sustaining the commission's motion for summary judgment.[4]

---

4. Although the trial court found for the commission on different grounds, its judgment may be affirmed under any theory supported by the record. *In re Estate of Blodgett*, 95 S.W.3d 79, 81 (Mo. banc 2003). The trial court's reasoning in reaching its judgment is immaterial because it concluded correctly that the commission was entitled to summary judgment. *See, e.g., Reinecke v. Kleinheider*, 804 S.W.2d 838, 841 (Mo.App.1991) ("On appeal from a judge-tried case, the appellate court is concerned with the correctness of the

## IV. Conclusion

Purcell's suit sought declaratory and injunctive relief, not a specific statutory remedy provided under the Sunshine Law. This Court's determination that Purcell was not entitled to equitable relief because he acted with unclean hands is dispositive of this matter. As such, there is no need for this Court to address the arguments on appeal regarding whether the commission's meeting notice or discussions violated the Sunshine Law. There is also no need to address the issue of whether Purcell was required to name the commissioners individually as defendants rather than naming the Cape Girardeau County Commission.

Because summary judgment was appropriate, the trial court's judgment is affirmed.

All concur.

result, not with the route taken to reach that result.").