NUMBERS

 13-09-00077-CR

13-09-00078-CR


COURT OF APPEALS


THIRTEENTH DISTRICT OF TEXAS


CORPUS CHRISTI - EDINBURG 

 


CHAD LOUIS FURCH, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 




On appeal from the 24th District Court of 


Jackson County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Yañez and Garza

Memorandum Opinion by Justice Yañez

 After a bench trial, appellant, Chad Louis Furch, was convicted of: (1) family-violence assault, a second-degree felony, (1) in appellate cause number 13-09-078-CR (Case
1); and (2) one count of aggravated assault with a deadly weapon (2) and one count of family-violence assault, both second-degree felonies, (3) in appellate cause number 13-09-077-CR
(Case 2). In both cases, the offenses were enhanced by previous convictions for family-violence assault and by nine previous felony convictions. Appellant pleaded "true" to all
the enhancement paragraphs in each case. The trial court sentenced appellant to fifteen
years' imprisonment and imposed a $10,000 fine in Case 1, and sentenced him to twenty
years' imprisonment in Case 2, with the sentences to be served consecutively. (4) By a single
issue, with six sub-issues, appellant contends that his counsel rendered ineffective
assistance. We affirm. 

I. Background 

 Both cases involve violent incidents between appellant and his live-in girlfriend,
Tracey Frerich. At trial, Frerich described her relationship with appellant as "unhealthy." 
She testified that in February 2008, after she told appellant she was ending their
relationship, appellant assaulted her, pulled the phone off the wall, and threatened to kill
her. Frerich obtained a protective order, but after approximately two weeks, allowed
appellant to move back into her home. Frerich testified that the second assault (resulting

 in Case 2) occurred in August 2008. On that occasion, appellant punched Frerich in the
back of the head. During this scuffle, appellant also came at Frerich with a screwdriver. 
After Frerich managed to call appellant's mother and her own mother, Frerich's step-father
called the police. 

 Appellant pleaded "not guilty" in both causes and waived trial by jury. 

II. Ineffective Assistance


 By six sub-issues, appellant claims that his counsel was ineffective by: (1) failing
to object to the use of extraneous adjudicated and unadjudicated bad acts; (2) failing to
seek limited use of the bad acts evidence; (3) failing to object to hearsay evidence; (4)
failing to object to leading questions; (5) failing to invoke the Rule; and (6) waiving opening
arguments.

A. Standard of Review and Applicable Law

 Ineffective assistance of counsel claims are evaluated under the two-part test
articulated by the United States Supreme Court in Strickland v. Washington. (5) The
Strickland test requires the appellant to show that counsel's performance was deficient, or
in other words, that counsel's assistance fell below an objective standard of
reasonableness. (6) Assuming appellant has demonstrated deficient assistance, he must
then show that there is a reasonable probability that, but for counsel's errors, the result
would have been different. (7) In determining the validity of appellant's claim of ineffective
assistance of counsel, "any judicial review must be highly deferential to trial counsel and
avoid the deleterious effects of hindsight." (8)

 The burden is on appellant to prove ineffective assistance of counsel by a
preponderance of the evidence. (9) Appellant must overcome the strong presumption that
counsel's conduct fell within the wide range of reasonable professional assistance and that
his actions could be considered sound trial strategy. (10) A reviewing court will not
second-guess legitimate tactical decisions made by trial counsel. (11) Counsel's effectiveness
is judged by the totality of the representation, not by isolated acts or omissions. (12) "[U]nless
there is a record sufficient to demonstrate that counsel's conduct was not the product of
a strategic or tactical decision, a reviewing court should presume that trial counsel's
performance was constitutionally adequate 'unless the challenged conduct was so
outrageous that no competent attorney would have engaged in it.'" (13)

 An allegation of ineffectiveness must be firmly founded in the record, and the record
must affirmatively demonstrate the alleged ineffectiveness. (14) In most cases, a silent record
which provides no explanation for counsel's actions will not overcome the strong
presumption of reasonable assistance. (15) "These demanding standards are virtually
impossible to meet when no proper evidentiary record was developed at a hearing on a
motion for new trial." (16) As the court of criminal appeals has noted:

A substantial risk of failure accompanies an appellant's claim of ineffective
assistance of counsel on direct appeal. Rarely will a reviewing court be
provided the opportunity to make its determination on direct appeal with a
record capable of providing a fair evaluation of the merits of the claim
involving such a serious allegation. In the majority of instances, the record
on direct appeal is simply undeveloped and cannot adequately reflect the
failings of trial counsel.[ (17)]


B. Analysis


 By his first and second sub-issues, appellant contends his counsel was ineffective
in failing to object to, or failing to request the limited use of, evidence of extraneous bad
acts. Although appellant concedes that a bench trial is a unitary proceeding, he
nonetheless argues that it "does not mean that any evidence admissible for sentencing
purposes is therefore admissible for guilt." Appellant cites no authority for this proposition,
and we find it to be without merit. 

 "When an ineffective assistance claim alleges that counsel was deficient in failing
to object to the admission of evidence, the defendant must show that the evidence was
inadmissible." (18) "[I]n a trial without a jury on a plea of not guilty, evidence that is introduced
at the 'punishment' stage of trial is considered in deciding the sufficiency of the evidence
to prove guilt." (19) The statutory bifurcation provision is not applicable to a trial before the
court on a plea of not guilty. (20) The prosecutor recognized this fact when, in his opening
statement, he explained to the court that he was permitted to describe some of appellant's
prior bad acts "because we both have the punishment and guilt or innocence that this can
come in, Judge." "Appellant's trial counsel cannot be faulted for failing to object to
evidence that was properly admissible." (21) We conclude that appellant has not shown that
the complained-of evidence was inadmissible. (22) 

 Moreover, the record is silent regarding trial counsel's reason for not objecting to the
complained-of testimony. Therefore, appellant has not overcome the strong presumption
that counsel's conduct fell within the wide range of reasonable professional assistance and
that his actions could be considered sound trial strategy. (23) We overrule appellant's first
and second sub-issues.

 By his third sub-issue, appellant complains generally that "extensive hearsay
evidence had the same effect of bolstering Ms. Frerich's testimony and emphasizing
appellant's character conformity." Apparently, appellant is complaining of the admission
of alleged "hearsay" testimony concerning his extraneous bad acts. However, appellant 
does not contend by a clear and concise argument with proper citation to authority that
there is a reasonable probability that, but for trial counsel's alleged errors, the result would
have been different. (24) We overrule appellant's third sub-issue. 

 Similarly, in his fourth through sixth sub-issues, appellant complains of counsel's
failure to object to leading questions, failure to invoke the Rule, and waiver of opening
arguments. However, appellant does not identify the "multiple leading questions." With
respect to counsel's failure to invoke "the Rule," appellant argues only that "[h]ad [counsel]
invoked the Rule[,] then the officer would not have been able to bolster Ms. Frerich's
testimony by having witnessed her testimony and vouching for its veracity." With regard
to counsel's failure to offer opening argument, appellant states only that "[counsel] lost an
opportunity when he waived opening statements when he could have responded to the
State's opening and explained that the extraneous bad acts should not be considered on
the question of guilt-innocence." 

 With respect to sub-issues four through six, we conclude that appellant has not
overcome the strong presumption that counsel's conduct fell within the wide range of
reasonable professional assistance and that his actions could be considered sound trial
strategy. (25) Furthermore, appellant does not contend by a clear and concise argument with
proper citation to authority that there is a reasonable probability that, but for trial counsel's
alleged errors, the result would have been different. (26) Therefore, appellant has not met his
burden to prove ineffective assistance of counsel by a preponderance of the evidence. (27) 
We overrule appellant's fourth through sixth sub-issues.

III. Conclusion 


 We affirm the trial court's judgments. 


 

 

Do not publish. 

Tex. R. App. P. 47.2(b).

Delivered and filed the

23rd day of August, 2010.
1. See Tex. Penal Code Ann. § 22.01(a)(1), (b-1) (Vernon Supp. 2009); Tex. Code Crim. Proc. Ann.
art. 42.013 (Vernon 2006). 
2. See Tex. Penal Code Ann. § 22.02(a), (b)(1) (Vernon Supp. 2009).
3. See id. § 22.01(a)(1), (b-1); Tex. Code Crim. Proc. Ann. art. 42.013.
4. See Tex. Code Crim. Proc. Ann. art. 42.01, § 1(19) (Vernon Supp. 2009). 
5. See Goodspeed v. State, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (citing Strickland v.
Washington, 466 U.S. 668, 687 (1984)); Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).
6. Thompson, 9 S.W.3d at 812; see Strickland, 466 U.S. at 687.
7. Thompson, 9 S.W.3d at 812; see Strickland, 466 U.S. at 694.
8. Thompson, 9 S.W.3d at 813.
9. Id.
10. See Strickland, 466 U.S. at 689; Jaynes v. State, 216 S.W.3d 839, 851 (Tex. App.-Corpus Christi
2006, no pet.).
11. State v. Morales, 253 S.W.3d 686, 696 (Tex. Crim. App. 2008).
12. Thompson, 9 S.W.3d at 813; Jaynes, 216 S.W.3d at 851.
13. Morales, 253 S.W.3d at 696-97.
14. Bone v. State, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002); Thompson, 9 S.W.3d at 814 (setting
out that "in the vast majority of cases, the undeveloped record on direct appeal will be insufficient for an
appellant to satisfy the dual prongs of Strickland"); see Jackson v. State, 877 S.W.2d 768, 771-72 (Tex. Crim.
App. 1994) (en banc) (stating that "we must presume that counsel is better positioned than the appellate court
to judge the pragmatism of the particular case, and that he 'made all significant decisions in the exercise of
reasonable professional judgment'" and that "[d]ue to the lack of evidence in the record concerning trial
counsel's reasons" for the alleged ineffectiveness, the court was "unable to conclude that appellant's trial
counsel's performance was deficient") (internal quotations omitted).
15. Mallett v. State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001); Thompson, 9 S.W.3d at 813-14. 
16. Chavero v. State, 36 S.W.3d 688, 701 (Tex. App.-Corpus Christi 2001, no pet.). 
17. Thompson, 9 S.W.3d at 813-14 (footnote omitted). We note that here, in each case, appellant filed 
a motion for new trial, but did not complain of ineffective assistance of counsel in either motion.
18. Houston v. State, No. 03-04-620-CR, 2006 Tex. App. LEXIS 7644, at *8 (Tex. App.-Austin Aug.
31, 2006, no pet.) (mem. op., not designated for publication) (citing Ortiz v. State, 95 S.W.3d 79, 93 (Tex.
Crim. App. 2002)). 
19. Barfield v. State, 63 S.W.3d 446, 450 (Tex. Crim. App. 2001).
20. Harris v. State, 125 S.W.3d 45, 52 (Tex. App.-Austin 2003, pet. dism'd, untimely filed); see Tex.
Code Crim. Proc. Ann. art. 37.07, § 2(a) (Vernon Supp. 2009).
21. Harris, 125 S.W.3d at 54. 
22. See Houston, 2006 Tex. App. LEXIS 7644, at *8. 
23. See Strickland, 466 U.S. at 689; Jaynes, 216 S.W.3d at 851.
24. See Thompson, 9 S.W.3d at 812; see Strickland, 466 U.S. at 694; see also Tex. R. App. P. 38.1(i). 

25. See Strickland, 466 U.S. at 689; Jaynes, 216 S.W.3d at 851.
26. See Thompson, 9 S.W.3d at 812; see Strickland, 466 U.S. at 694; see also Tex. R. App. P. 38.1(i). 
We note that appellant generally asserts that "[b]ecause the extensive extraneous bad acts evidence
permeated the entire trial and came into evidence on the issue of guilt, and because of the leading questions,
the hearsay, and the failure to invoke the Rule, prong two of the Strickland test is meet [sic] because these
circumstances and the totality of the record indicate that there is a reasonable probability that, but for [defense
counsel's] errors, the outcome of the trial would have been different. " However, he does not provide a clear
and concise argument with citation to authority for this assertion. Therefore, he has waived it. See Tex. R.
App. P. 38.1(i). 
27. See Thompson, 9 S.W.3d at 813.