MARY W. SHEFFIELD, P.J.
This case comes before the Court on cross appeals by Mercy Clinic Springfield Communities ("Clinic") and Dr. Hyewon Kim ("Dr. Kim"). Clinic brings three points that each challenge the trial court's denial of Clinic's motions for directed verdict and motions for judgment notwithstanding the verdict ("JNOV") as to Dr. Kim's claim for constructive discharge in violation of public policy. Dr. Kim brings two points asserting Clinic's counterclaim for unjust enrichment should have failed. Finding that Clinic's points on appeal are waived because Clinic did not present a motion for directed verdict at the close of the evidence, and Dr. Kim's points have no merit, we affirm.
Background
We set forth only those facts necessary to decide the issues presented. Dr. Kim was employed by Clinic as a radiation oncologist. Dr. Kim's compensation was provided in the form of an advance on her salary, paid in the form of a "semi-monthly draw." The payment terms of Dr. Kim's employment agreement specified that, with the exception of newly recruited physicians, "[t]he Draw is an advance only and is not a guarantee." Following Dr. Kim's resignation, Clinic sent four letters requesting that Dr. Kim repay the unearned portion of her salary advance. Dr. Kim refused.
Dr. Kim sued Clinic and Mercy Hospital of Springfield (collectively, "Defendants").
*615 Dr. Kim claimed that Clinic retaliated against her and constructively discharged her after she reported instances of substandard medical treatment and Medicare fraud. Clinic filed a counterclaim against Dr. Kim for breach of contract and unjust enrichment. Clinic's unjust enrichment claim was based on allegations that Dr. Kim had retained payment for services she failed to provide for Clinic. Dr. Kim filed her answer to Clinic's counterclaim in which she pled that Clinic's claim for unjust enrichment was barred under the equitable doctrine of unclean hands because Clinic's own improper conduct led to Dr. Kim's resignation.
At trial, Dr. Kim and Clinic each dismissed their breach-of-contract claims against each other, and Dr. Kim dismissed Mercy Hospital of Springfield, leaving only Dr. Kim's claim for wrongful termination against Clinic and Clinic's claim for unjust enrichment against Dr. Kim. Before closing arguments, the parties agreed to present the claim for unjust enrichment "as an equitable claim to the Court" for determination after the jury returned a verdict.
The jury found in favor of Dr. Kim and against Clinic on Dr. Kim's claim for constructive discharge in violation of public policy and awarded Dr. Kim compensatory and punitive damages. After further briefing and argument, the trial court entered a judgment finding in Clinic's favor and against Dr. Kim on Clinic's counterclaim for unjust enrichment. Clinic and Dr. Kim appealed.
Clinic's Appeal
Clinic raises three points that each challenge only the trial court's denial of its "motion for directed verdict and motion for JNOV[.]"[1] Dr. Kim responds that each of Clinic's arguments on appeal are waived because Clinic did not make a motion for directed verdict at the close of the evidence.
"To determine whether a directed verdict or judgment notwithstanding the verdict should have been granted this Court applies essentially the same standard." Ellison v. Fry , 437 S.W.3d 762, 768 (Mo. banc 2014). "A case may not be submitted unless each and every fact essential to liability is predicated upon legal and substantial evidence." Giddens v. Kansas City S. Ry. Co. , 29 S.W.3d 813, 818 (Mo. banc 2000). "Evidence is viewed in the light most favorable to the jury's verdict, giving the plaintiff all reasonable inferences and disregarding all conflicting evidence and inferences." Newsome v. Kansas City, Missouri Sch. Dist. , 520 S.W.3d 769, 775 (Mo. banc 2017) (quoting Fleshner v. Pepose Vision Inst., P.C. , 304 S.W.3d 81, 95 (Mo. banc 2010) ). "When the grant or denial of a directed verdict or a JNOV is based upon a matter of law ... we review the trial court's decision de novo ." Trinity Lutheran Church v. Lipps , 68 S.W.3d 552, 557 (Mo. App. E.D. 2001).
Rule 72.01 permits a party to move for a directed verdict at the close of the opponent's evidence or at the close of all evidence. Sanders v. Ahmed, 364 S.W.3d 195, 206-07 (Mo. banc 2012). The framework delineated in Rule 72.01 effectively describes "the procedure for challenging the submissibility of plaintiff's case." Id. at 207. Indeed, the "purpose of motions for directed verdict and JNOV is to 'challenge the submissibility of the plaintiff's case.' "
*616 Bailey v. Hawthorn Bank, 382 S.W.3d 84, 99 (Mo. App. W.D. 2012) (quoting Marquis Fin. Servs. of Indiana, Inc. [v. Peet], 365 S.W.3d [256] at 259 [ (Mo. App. E.D.) ] ).
"To preserve the question of submissibility for appellate review in a jury-tried case, a motion for directed verdict must be filed at the close of all the evidence and, in the event of an adverse verdict, an after-trial motion ... must assign as error the trial court's failure to have directed such a verdict." Pope v. Pope, 179 S.W.3d 442, 451 (Mo. App. W.D. 2005) (quoting Letz v. Turbomeca Engine Corp., 975 S.W.2d 155, 163 (Mo. App. W.D. 1997), overruled on other grounds in Badahman [v. Catering St. Louis], 395 S.W.3d [29] at 40 [ (Mo. banc 2013) ] ).
Wilkins v. Bd. of Regents of Harris-Stowe State U. , 519 S.W.3d 526, 544-45 (Mo. App. E.D. 2017) (emphasis added).
Here, Clinic submitted motions for directed verdict at the close of Dr. Kim's evidence, which included the arguments Clinic raises on appeal. The trial court denied those motions, and Clinic presented evidence. "By doing so, [Clinic] waived any error in the denial of the motion[s]" for directed verdict at the close of plaintiff's evidence. Senu-Oke v. Modern Moving Sys., Inc. , 978 S.W.2d 426, 432 (Mo. App. E.D. 1998) ; see Sanders , 364 S.W.3d at 207.
Defendants presented evidence and rested; Dr. Kim offered no rebuttal. Immediately thereafter, the court announced, "at this time the [c]ourt will take up motions at the close of all the evidence." Dr. Kim argued three motions for directed verdict to the court, none of which are relevant to Clinic's points on appeal. The court turned to Defendants and asked if they had "any motions at this time." Defendants renewed one motion for directed verdict on behalf of Mercy Hospital on an issue irrelevant to this appeal. The court denied the "motion for directed verdict at the close of all evidence on that issue." The court then asked if Defendants had any other motions to bring at that time, to which Defendants' counsel responded "no."
After Defendants told the trial court they had no other motions for directed verdict, the court went off the record for the instruction conference and had "extensive[ ]" discussions regarding proposed jury instructions. Then, during the "on the record" instructions conference, Clinic objected to the submission of proposed Instruction No. 6 (defining "constructive discharge") and Instruction No. 7 (the verdict director for Dr. Kim's whistleblower claim).
In response to Dr. Kim's claim that Clinic made no motion for directed verdict at the close of the evidence, Clinic claims that it did raise such a motion during the instructions conference. This Court has reviewed those portions of the transcript cited by Clinic and finds no such motion. There is no indication anywhere that Clinic offered a belated motion for directed verdict; nor that Dr. Kim or the trial court were aware that Clinic was attempting to raise a belated motion for directed verdict at the close of the evidence; nor that the trial court was aware that it was ruling on a belated motion for directed verdict when Clinic objected to the submission of Instructions No. 6 and 7. Clinic raises no claims of instructional error on appeal, and each of its three points claims that the trial court erred in denying a motion for directed verdict at the close of the evidence. The trial court did not err because no such motion was made. The trial court could not rule on a motion that it did not have before it. Absent some constitutional imperative not shown here, it is not an appellate court's role to grant relief on an argument that was not presented to or decided by the trial court. See, e.g. , Barkley , 456 S.W.3d at 839.
*617 Clinic cites Sanders , 364 S.W.3d at 208, for the argument that its oral motion was specific enough to preserve its claim. In Sanders , the Court found that a defendant's motion for directed verdict at the close of the evidence was made with requisite specificity to challenge the causation element of the plaintiff's wrongful death claim where the oral motion for directed verdict at the close of all the evidence stated, "We think plaintiff failed to make a submissible case on issues of negligent causation...." Id.
Clinic's argument misses the mark. The issue here is not whether Clinic's motion for directed verdict at the close of the evidence was made with requisite specificity to challenge a particular element of Dr. Kim's case; it is whether Clinic made such a motion at all . It did not.
Clinic makes a final, eleventh-hour argument that its points should be reviewed on the merits based on principles of "efficiency and fair play." We disagree. It is neither efficient nor fair to now claim that argument during an instruction conference substitutes for a motion for directed verdict-especially when there is no indication that either Dr. Kim or the trial court knew Clinic was attempting to make such a motion for directed verdict.
Because Clinic did not make any motion for directed verdict at the close of the evidence, its after-trial JNOV preserved nothing for appeal. Barone v. United Indus. Corp. , 146 S.W.3d 25, 28 (Mo. App. E.D. 2004) ; Carter v. St. John's Reg'l Med. Ctr. , 88 S.W.3d 1, 11-12 (Mo. App. S.D. 2002).
Clinic's points 1 through 3 are denied.
Dr. Kim's Appeal
Point 1
Dr. Kim's first point challenges the court-tried judgment in favor of Clinic on Clinic's counterclaim for unjust enrichment. This point fails procedurally.
"[W]e can reverse this court-tried judgment only if no substantial evidence supports it, or it is against the weight of the evidence, or it erroneously declares or applies the law." Hagan v. Hagan , 530 S.W.3d 608, 610 (Mo. App. S.D. 2017). Because these are the only reasons to reverse a court-tried case, Dr. Kim's point should have specified some basis for relief under Murphy v. Carron , 536 S.W.2d 30, 32 (Mo. banc 1976). Hagan , 530 S.W.3d at 610. Point 1 does not, and its supporting argument sporadically asserts all three as legal reasons supporting reversal. Such three-way points generally preserve nothing for appellate review. Bechtold v. Bechtold , 453 S.W.3d 813, 814 (Mo. App. S.D. 2014). Nor is Dr. Kim's first point saved if we interpret it as a Murphy evidentiary challenge (the best "fit") because its supporting argument ignores the requirements of cases like Houston v. Crider , 317 S.W.3d 178, 186-89 (Mo. App. S.D. 2010), which renders the argument unpersuasive, analytically useless, and of no support for Dr. Kim's challenge. See Hagan , 530 S.W.3d at 610. Dr. Kim's point 1 is denied.
Point 2
In point 2, Dr. Kim asserts that the trial court misapplied the law by ruling[2]
*618 in favor of Mercy Clinic on its counterclaim for unjust enrichment because Mercy Clinic was barred from obtaining equitable relief under the doctrine of unclean hands, in that Mercy Clinic participated in inequitable activity regarding the very issue it seeks relief, where the jury found that it was Mercy Clinic's punitive conduct that constructively discharged Dr. Kim and thus prevented her from completing any obligations that Mercy Clinic argues were necessary to earn the remainder of her advance.
We review issues of law de novo . Gray v. Shepard , 505 S.W.3d 317, 318 (Mo. App. S.D. 2016). "The judgment is presumed correct, and the appellant bears the burden of proving it erroneous." Randall v. Randall , 497 S.W.3d 850, 854 (Mo. App. W.D. 2016). This is true even under de novo review. Denny v. Regions Bank , 527 S.W.3d 920, 924-25 (Mo. App. S.D. 2017).
The doctrine of unclean hands provides that "[a] party who participates in inequitable activity regarding the very issue for which it seeks relief will be barred by its own misconduct from receiving relief." City of St. Joseph v. Lake Contrary Sewer Dist. , 251 S.W.3d 362, 369 (Mo. App. W.D. 2008). "[A] plaintiff is only barred because of his conduct if that conduct is the source, or part of the source, of the equitable claim. What is material is not that the plaintiff's hands are dirty, but that he dirties them in acquiring the right he now asserts." Karpierz v. Easley , 68 S.W.3d 565, 572 (Mo. App. W.D. 2002) (internal citation and quotation marks omitted). "[T]he doctrine of unclean hands is not one of absolutes and can be used in the discretion of a court of equity." Sangamon Assocs., Ltd. v. Carpenter 1985 Fam. P'ship., Ltd. , 165 S.W.3d 141, 145-46 (Mo. banc 2005) (internal quotation marks omitted). It "should be applied when it promotes right and justice by considering all of the facts and circumstances of a particular case." Id. at 145.
The trial court's judgment set forth the competing facts and circumstances in this case:
If left undisturbed, [Dr. Kim] will in essence be paid for work she did not perform. However, the [c]ourt also must consider the jury's verdict that it was reasonable for [Dr. Kim] to resign without notice and that [Clinic's] misconduct forced her to do so. Therefore, per the verdict, [Clinic's] own misconduct arguably prevented [Dr. Kim] from continuing to work for a brief period during which she could have received reduced draws. As a matter of equity, [c]ourt must view such conduct just as it would if [Clinic] had expressly discharged [Dr. Kim] for a retaliatory reason.[3 ] Also, [Dr. Kim's] passive refusal to reimburse [Clinic] is distinct from an overt act of retaliation.
Nonetheless, [Clinic] is correct that [Clinic's] claim and the jury's findings did not involve [Dr. Kim's] compensation, which is an independent matter . Likewise, the source of the counterclaim is not the wrongful conduct found by the jury. Rather, such distinct conduct is [Clinic's] efforts to recoup [Dr. Kim's] salary advance, which occurred after [Dr. Kim's] departure. And, the structure *619 of the salary advance was not unique to [Dr. Kim] and was set up significantly prior to any alleged misconduct by [Clinic]. Court also must presume the jury measured and awarded [Dr. Kim's] damages from the time of her discharge.
(Emphasis added).
The court weighed "these competing equities in favor of" Clinic and found the doctrine of unclean hands should not apply "to this separate and independent subject matter."
On appeal, Dr. Kim claims reversal is required because this case "is directly analogous to" Purcell v. Cape Girardeau County Comm'n. , 322 S.W.3d 522 (Mo. banc 2010). There, Purcell, a county commissioner, sued the county commission seeking equitable relief for its violations of the Sunshine Law. Id. at 524. Purcell had moved for the county commission, which rarely went into closed sessions, to enter a closed session to discuss the very topics that Purcell later claimed were discussed in violation of the Sunshine Law. Id. Purcell then proceeded to lead those allegedly unlawful discussions. Id. Upholding the trial court's grant of summary judgment to the county commission, our high court held that pursuant to the unclean hands doctrine Purcell was barred from obtaining equitable relief for the county commission's violations of the Sunshine Law. Id.
In Purcell , the plaintiff sought relief from a defendant's unlawful actions, but the defendant only took those unlawful actions because of the plaintiff's own urging. This case does not present such a straightforward application of the unclean hands doctrine. Per the jury's verdict and the trial court's judgment, Clinic acted wrongfully in discharging Dr. Kim. But Dr. Kim was afforded a remedy for that wrongful discharge, and it does not follow under the facts of this case that Clinic should be barred, as a matter of law, from recovering advance salary payments to Dr. Kim that she was informed were only that. In other words, Clinic's hands may have been dirty, but Clinic did not dirty its hands in order to acquire a right to recover salary advances from Dr. Kim; Clinic had that right before it wrongfully discharged Dr. Kim.
Considering the entirety of the circumstances, we cannot find that the doctrine of unclean hands was required to be applied as a matter of law.[4] Trial courts are afforded discretion in applying the doctrine of unclean hands, and this case does not present an occasion to find that the trial court abused that discretion, especially when the case Dr. Kim relies on for reversal provides such meager support for her argument.[5] See Sangamon , 165 S.W.3d at 145-46 ; Nelson , 105 S.W.3d at 568. Dr. Kim's second point is denied.
Conclusion
The trial court's judgment is affirmed.
GARY W. LYNCH, J.-CONCURS
DON E. BURRELL, J.-CONCURS

"An appellate court's role is to review specifically challenged trial court rulings[.]" Smith v. City of St. Louis , 395 S.W.3d 20, 29 (Mo. banc 2013). "Under Rule 84.04(d)(1)(A), an appellant's point relied on must first identify the action of the trial court that is being challenged." Barkley v. McKeever Enters., Inc. , 456 S.W.3d 829, 836 (Mo. banc 2015). Rule references are to Missouri Court Rules (2017).

As with Dr. Kim's first point, point 2 does not identify which Murphy ground Dr. Kim relies on for reversal, but it is apparent Dr. Kim is making a misapplication-of-law challenge. In the penultimate sentence of its argument, Dr. Kim adds an isolated statement that the trial court's ruling is against the weight of the evidence. We deem that contention abandoned due to Dr. Kim's failure to otherwise develop it. See Houston , 317 S.W.3d at 186-87 (describing the "distinct analytical framework" for an against-the-weight challenge); Citizens for Ground Water Protec. v. Porter , 275 S.W.3d 329, 348 (Mo. App. S.D. 2008).

Where a case presents mixed issues of law and equity, "trials should be conducted to allow the legal claims to be tried to a jury, with the court reserving for its own determination only equitable claims and defenses, which it should decide consistently with the factual findings made by the jury." State ex rel. Barker v. Tobben , 311 S.W.3d 798, 800 (Mo. banc 2010).

Dr. Kim's argument under point 2 is that Clinic should be barred by the doctrine of unclean hands from recovering any amount of the advance payment made to her. Dr. Kim argued as to the specific amount Clinic should be able to recover under point 1, which was denied supra .

The reason trial courts are given discretion in applying the doctrine is evident considering its reputation as "hoary and murky." See, e.g. , Nelson v. Emmert , 105 S.W.3d 563, 568 (Mo. App. S.D. 2003).